G. W. and J. R. HENLEY *v.* J. and R. R. CLIBORNE.

1. CHANCERY PRACTICE AND PLEADING. *Jurisdiction. Injunction bond. Damages.* The chancery court has jurisdiction to inquire and fix the damages resulting from the wrongful suing out of writs of injunction, and upon a reference as to damages the securities upon the injunction bond may plead *non est factum*, or any other legal defense that would be proper in an action of law upon the bond.

**2.** SAME. *Burden of proof.* Upon a plea of *non est factum* the burden of proof is upon the party insisting upon the validity of the bond.

FROM MONROE.

Appeal from the Chancery Court at Madisonville. W. M. BRADFORD, Ch.

HICKS for complainant.

YOUNG for defendant.

TURNEY, J., delivered the opinion of the court.

An injunction bond, properly and regularly executed in a chancery proceeding, is a necessary incident to and a part of such proceeding. The court in which it is executed has ample jurisdiction to inquire of, ascertain and fix the damages resulting to parties because of the suing out of the writs of injunction, and pass judgment upon the bond against the principal and securities thereto. It is the duty of the court, when invoked thereto, to finally settle and adjudge the rights of the parties in all things growing out of the proceedings before it, or arising from or upon incidents to such proceedings, and thereby prevent multiplicity of suits by referring questions to other tribunals.

Upon reference to the master to inquire of the damages, the securities being notified to appear, it is a proper practice to plead any legal defenses that could be of avail to the securities if the suit were brought at law upon the bond, or that might at the time be employed in an original bill. The inquiry

as to the amount of damages resulting from the act of the securities, necessarily involves the inquiry, not only of the extent of an act done, but also the question whether any act was done. The securities may as defense plead *non est factum* to the bond, as was done in this case, and have the question of the execution of the bond by them first determined.

The pleas presenting the proper issue, the burden of proof is upon him who insists upon the validity of the bond, ·a fact that · must be established by a preponderance of evidence, according to the measure required of all plaintiffs in civil actions. That preponderance has not been obtained in this case, and the motion is discharged.

Reverse the decree.